UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **YSIDRO RIOS RIVERA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-10-52** |
| | § | |
| **RICK THALER,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Petitioner Ysidro Rios Rivera ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction for the felony offense of sexual assault of a child. (Dkt. No. 1.)  Respondent Rick Thaler ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division, filed a Motion for Summary Judgment asserting that Petitioner's claims are barred as untimely (Dkt. No 15), to which Petitioner responded (Dkt. No. 17). On August 10, 2011, Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (M&R) recommending that Respondent's motion for summary judgment be denied. (Dkt. No. 18.) Respondent timely objected to the M&R on August 24, 2011. (Dkt. No. 20.) After considering the M&R, the objections, the entire record, and the applicable law, the Court is of the opinion that Respondent's objections should be **SUSTAINED**.

**I. Background**

The Parties agree that 28 U.S.C. § 2244(d)(1)(A) controls the statutory period here, and that Petitioner's deadline for filing his habeas petition under 28 U.S.C. § 2254 fell on June 25, 2010. The sole issue in dispute is when the petition was filed. In his motion for summary judgment, Respondent relied upon the date Petitioner himself indicated on the petition—June 28,

2010—and concluded that the petition was therefore three days late. Petitioner replied that he handed the petition to prison mail room staff on Friday, June 25, 2010 and only wrote June 28, 2010 on it because he knew the mail would not go out until the following Monday, given prison policy. Petitioner further claimed that he lodged several requests with prison staff to produce their mail logs from June 25, 2010, but they refused to answer.

The M&R ultimately concluded that a genuine issue of material fact existed as to whether the petition was timely filed because: (1) Respondent had not responded to Petitioner's allegation that the mailroom logs had been withheld despite his requests; (2) Respondent's motion relied upon a lone piece of controverted evidence, that is, the date indicated on the petition; and (3) Petitioner's narrative was facially plausible.

Respondent has filed written objections to the M&R, arguing that the M&R's reliance on Petitioner's unsworn assertion in his response to Respondent's motion for summary judgment that he handed his petition to prison mailroom staff on Friday, June 25, 2010 was improper because Petitioner previously certified "under penalty of perjury" that he delivered his petition to prison authorities on June 28, 2010. Respondent has also presented additional evidence that the M&R explicitly noted was lacking, namely the Robertson Unit's outgoing mail logs from June 23, 2010 through June 30, 2010, which corroborate that mailroom staff received the petition on June 28, 2010.

## II. Legal Standard

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings

and recommendations. *See id.* The district court may also receive additional evidence not presented to the magistrate judge. *Id.*

## III. Analysis

Under Fifth Circuit precedent, a federal habeas petition is considered filed on the date it is placed in the prison mail system. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F. 3d 374, 378 (5th Cir. 1998)). In *Roberts v. Cockrell*, the Fifth Circuit relied on the date the petition was signed as evidence of when it was filed. *Roberts v. Cockrell*, 319 F.3d 690, 692 n.2 (5th Cir. 2003) ("The earliest possible date that Roberts could have filed his application is the day he signed it."). The Supreme Court has explained that prison mail logs also provide reliable proof to pinpoint compliance with filing deadlines:

> Prison authorities . . . have well-developed procedures for recording the date and time at which they receive papers for mailing and . . . can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.

*Houston v. Lack* 487 U.S. 266, 275—76 (1988).

Here, the summary judgment evidence reflects that Petitioner's habeas petition contained the following statement above his dated signature: "I declare (or certify, verify, or state) *under penalty of perjury* that . . . this Petition for Writ of Habeas Corpus was placed in the prison mailing system on <u>June 28, 2010</u> (month, date, year)." (Dkt. No. 1, Ex. 2 at 21 (emphasis added). Respondent has also presented the Robertson Unit's outgoing mail logs from June 23, 2010 through June 30, 2010, which indicate that the earliest date a piece of mail placed in the prison mail system by Petitioner addressed to the U.S. Federal Court in Victoria, Texas was logged on Monday, June 28, 2010. (Dkt. No. 20, Ex. 1.)

The Court finds that there is no genuine issue of material fact as to when Petitioner's habeas petition was placed in the prison mailing system. Because Petitioner declared under penalty of perjury that he placed his petition in the prison mailing system on June 28, 2010, and because the Robertson Unit's outgoing mail logs corroborate that Petitioner placed his petition in the prison mailing system on June 28, 2010, his petition shall be deemed filed on that date. Accordingly, Respondent's Objections are **SUSTAINED**.

The Court further notes that Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period. Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition should be dismissed as time-barred.

## IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address *sua sponte* the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

## V. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as followed:

1. Respondent's Objections to the M&R are **SUSTAINED**;

2. Respondent's Motion for Summary Judgment (Dkt. No. 15) is **GRANTED;**

3. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**; and

4. Petitioner is **DENIED** a Certificate of Appealability.

**SIGNED** this 12th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE